NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM M. BROWNSTEIN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-2257 (JAG) |
| JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | : | OPINION |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J**

This matter comes before the Court on the motion of Defendant, the Commissioner of Social Security ("Commissioner"), to dismiss the Complaint of Plaintiff William M. Brownstein for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1) and 20 C.F.R. § 422.210(c). For the reasons stated below, Defendant's motion will be denied.

## BACKGROUND

Plaintiff's application for SSI was denied by an Administrative Law Judge on October 29, 2004. Plaintiff then requested review by the Appeals Council. The Appeals Council denied Plaintiff's claim on January 27, 2005, and sent him a notice by mail on that day. On March 22, 2005 plaintiff served this action on the offices of the United States Attorney, Social Security General Council, and the Attorney General of the United States. On April 4, 2005, the U.S. Attorney's Office advised plaintiff to file this civil action properly in the United States District Court. On April 27, 2005 Plaintiff filed a Complaint in this Court seeking judicial review of the

Commissioner's decision denying his application for Supplemental Security Income ("SSI"), pursuant to 42 U.S.C. § 405(g).

In moving to dismiss Plaintiff's Complaint, Defendant argues that Plaintiff's civil action was not filed within sixty days of the Commissioner's final decision, as required by 20 C.F.R § 422.210 and 42 U.S.C. § 405(g).  The tardy filing requires that the action be dismissed for lack of subject matter jurisdiction, according to Defendant.  Plaintiff asserts that his action should not be dismissed because he misunderstood the notice, thinking that it mandated only that he serve his petition on the necessary parties within the sixty day time period (which he did), with filing his petition in district court as optional.  Plaintiff contends that he followed the directions as he (mis)understood them.  Upon learning that he was mistaken, Plaintiff claims that he filed the action properly in federal district court, but that the sixty day limitation period had run out by then.

## DISCUSSION

Plaintiff asks this Court to excuse his misunderstanding of Defendant's notice and determine that his Complaint was timely filed.  This Court finds that, to prevent injustice, it will use its equitable powers to do so.

The principle of equitable tolling allows this Court to prevent the expiration of a statute of limitations.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  In Bowen v. City of New York, a case squarely on point with the instant matter, the Supreme Court held that the principle of equitable tolling may be applied to the sixty day limit to request judicial review of a final disability decision, as established in 42 U.S.C.§ 405(g). Bowen v. City of New York, 476 U.S. 467, 480 (1986).  Courts may extend the sixty day period in rare circumstances "where the equities in favor of tolling the limitations period are so great

2

that deference to the Agency's judgment is inappropriate." 476 U.S. 467, 480.  The "plaintiff bears the burden of establishing the equitable tolling exception." Courtney v. LaSalle Univ., 124 F.3d 499, 505 (3d Cir. 1997).  The Third Circuit has instructed that:

> there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

Oshiver, 38 F.3d at 1387.

The Third Circuit has also observed that equitable tolling is consistent "with our goal of interpreting humanitarian legislation in a humane and commonsensical manner so as to prevent unnecessarily harsh results in particular cases." Id.  Application of equitable tolling in this case furthers this goal, as the Social Security Act is humanitarian legislation, and this case calls for a humane and commonsensical approach to avoid an unnecessarily harsh result.

Plaintiff is a pro se litigant who timely asserted his rights, but failed to follow all of the procedural steps necessary to preserve those rights.  (Brownstein Aff. ¶ 1.)  Plaintiff's explanation of his misunderstanding of the Commissioner's notice, although unusual, is not beyond comprehension.  Plaintiff points out that, under "How to File a Civil Action," the notice states "You may file a civil action (ask for court review) by filing a complaint in the United States District Court . . ." and then "You or your representatives must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney."     (Brownstein Aff. Ex. 2) (emphasis added).  The notice further stated that "you or your representative must send copies of the complaint and summons" to the General Counsel of the Social Security Administration and The Attorney General of the United States.  (Id.) (emphasis added).  Plaintiff's interpretation

3

that "may" indicated an optional action, in contrast to "must," which indicated a required action, is not unreasonable.  While this Court does not go so far as to find that the Commissioner's notice actively misled Plaintiff, thus constituting the first circumstance which <u>Oshiver</u> found to warrant equitable tolling, the wording of the notice did contribute to Plaintiff's misunderstanding.

To prevent injustice, courts may be less strict when pro se litigants make procedural mistakes.  <u>See</u>, <u>e.g.</u>, <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988) (noting the "special solicitude" that the court shows pro se litigants).  Because Plaintiff is a pro se litigant, his mistake was not unreasonable, and the delay does not unduly prejudice Defendant, this Court will use its equitable powers to determine that Plaintiff's Complaint was timely filed, and that this Court has subject matter jurisdiction to hear his appeal. Defendant's motion to dismiss will be denied without prejudice.

## CONCLUSION

For the reasons above, Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), is denied without prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: February 21, 2006